**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                Case No. 3:11-cr-216-J-34MCR

DEBORAH M. TOWNSEND
_____

**O R D E R**

**THIS CAUSE** is before the Court on Defendant Deborah M. Townsend's Motion to Suppress Statement of the Defendant (Doc. No. 18; Motion to Suppress). The Government filed a response in opposition to the Motion to Suppress on October 24, 2011 (Doc. No. 27; Response to Motion to Suppress). The Motion to Suppress was referred to the Honorable Monte C. Richardson, United States Magistrate Judge. The Magistrate Judge conducted an evidentiary hearing on November 2, 2011. See Doc. No. 23. On November 23, 2011, the Magistrate Judge entered a Report and Recommendation (Doc. No. 37; Report) recommending that the Motion to Suppress be denied. See Report at 11. Thereafter, Defendant filed objections to the Report, see Defendant's Objections to Magistrate Judge's Report and Recommendation (Doc. No. 38; Objections), and the Government responded, see United States' Response to Defendant's Objections to Report and Recommendation on Motion to Suppress (Doc. No. 41; Response to Objections). This matter is ripe for review.

The Court reviews a magistrate judge's report and recommendation in accordance with the requirements of Rule 59, Federal Rules of Criminal Procedure (Rule(s)) and 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings

or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3). "[I]n determining whether to accept, reject, or modify the magistrate's report and recommendation, the district court has the duty to conduct a careful and complete review." Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (quoting Nettles v. Wainright, 677 F. 2d 404, 408 (5th Cir. Unit B 1982)[1]). Additionally, pursuant to Rule 59 and § 636(b)(1), where a party timely objects[2] to the magistrate judge's report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C § 636(b)(1); see also Rule 59(b)(3); Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Nevertheless, while de novo review of a magistrate judge's recommendation is required only where an objection is made[3], the Court always retains the authority to review such a recommendation in the exercise of its discretion. See Rule 59 advisory committee notes (2005) (citing Thomas, 474 U.S. at 154; Mathews v. Weber, 423 U.S. 261, 270-71 (1976)).

Upon careful consideration and independent review of the record, including the transcript of the evidentiary hearing and the evidence introduced during the evidentiary

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit (including Unit A panel decisions of that circuit) handed down prior to October 1, 1981. W.R. Huff Asset Mgmt. Co., L.L.C. v. Kohlberg, Kravis, Roberts & Co., L.P., 556 F.3d 979, 985 n.6 (11th Cir. 2009). After October 1, 1981, "only the decisions of the continuing Fifth Circuit's Administrative Unit B are binding on this circuit . . . ." Dresdner Bank AG v. M/V Olympia Voyager, 446 F.3d 1377, 1381 n.1 (11th Cir. 2006). The Court notes that the Fifth Circuit overruled Nettles, in part, on other grounds, in Douglass v. United States Auto. Ass'n, 79 F.3d 1415, 1428-29 (en-banc). However, "that does not change the binding effect of Nettles in this circuit because Douglass was decided after October 1, 1981, and was not a Unit B decision." United States v. Schultz, 565 F.3d 1353, 1360 n.4 (11th. Cir. 2009).

[2] Both 28 U.S.C. § 636(b)(1) and Rule 59(b)(2) require a party wishing to object to a magistrate judge's recommendation to serve and file any objections within fourteen (14) days of being served with the magistrate's recommendation. Rule 59 further provides that a "f[ailure to object in accordance with this rule waives a party's right to review." Rule 59(b)(2).

[3] See Rule 59 advisory committee notes (2005) (citing Peretz v. United States, 501 U.S. 923 (1991)).

hearing, and for the reasons stated in the Magistrate Judge's Report, the Court will overrule Defendant's Objections, and accept and adopt the factual and legal conclusions recommended by the Magistrate Judge.

Accordingly, it is hereby **ORDERED:**

**1.** Defendant's Objections to the Report and Recommendation (Doc. No. 38) are **OVERRULED**.

**2.** The Magistrate Judge's Report and Recommendation (Doc. No. 37) is **ADOPTED** as the opinion of the Court.[4]

**3.** Defendant's Motion to Suppress Statement of the Defendant (Doc. No. 18) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 28th day of February, 2012.

MARCIA MORALES HOWARD
United States District Judge

---

[4] In doing so, the Court sees little need to place weight on any conflict between the testimony of Ms. Janet Hogan and the statements in Defendant's Motion to Suppress. Nevertheless, the Court accepts the Magistrate Judge's determination of the credibility of the witnesses. However, the Court makes one minor revision to the Magistrate Judge's discussion. The Report appears to quote the Defendant's mother, Ms. Hogan, as testifying that law enforcement stated that if Defendant would not cooperate, they would return to the Defendant's house and arrest her in a "'brash, full-force fashion.'" See Report at 5, 7. (citing Transcript (Doc. No. 32) at 103). The reference to making an arrest in a "brash, full-force fashion" is actually not found in the testimony of Ms. Hogan. Instead, it is a characterization of her testimony found in the Motion to Suppress Statement of the Defendant filed by counsel for Ms. Townsend. See Motion at 3. Ms. Hogan's testimony actually reads "we will come on a Friday, sirens blaring, lights going. We will arrest you on a Friday." See Transcript (Doc. No. 32) at 103.

i16

Copies to:

Counsel of Record